IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALLEN GORDON,<br><br>    Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:18-CV-1781-DMC<br><br><br>ORDER |

Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Final judgement was entered on June 11, 2019. See ECF No. 22. Pending before the Court is Plaintiff's counsel's motion for an award of attorney's fees in the amount of $27,023.00 under 42 U.S.C. § 406(b). See ECF No. 25. Plaintiff was provided notice of counsel's motion and has not filed any response thereto.

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I. PROCEDURAL HISTORY

Plaintiff's representation in this case was provided by way of a June 8, 2018, contingent fee agreement whereby Plaintiff agreed to pay counsel 25% of past-due benefits awarded after a district court remand. See ECF No. 25-2. Plaintiff initiated this action for judicial review of an unfavorable administrative decision on June 20, 2018. See ECF No. 1. Following briefing on the merits, the matter was remanded on June 11, 2019, for further administrative proceedings. See ECF No. 21. Pursuant to the stipulation of the parties, Plaintiff was awarded $4,400.00 in attorney's fees and costs under the Equal Access to Justice Act (EAJA), payable to Plaintiff less any offsets to be determined by the government. See ECF No. 24. According to counsel's calculations based on a September 8, 2020, award notice, Plaintiff was awarded a total of $108,094.80 in past-due benefits. See ECF No. 25, pg. 23. Based on this total award figure, counsel calculates 25% as $27,023.70. See id.

## II. DISCUSSION

Under the Social Security Act, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). No other fee may be payable or certified for such representation except as allowed in this provision. See id.

A remand constitutes a "favorable judgment" under § 406(b). See Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993). While the Ninth Circuit has not directly addressed the issue, all other circuits to address the issue have concluded that the district court is authorized to award fees under § 406(b) when it remands for further proceedings and, following remand, the claimant is awarded past-due benefits. See Garcia v. Astrue, 500 F. Supp. 2d 1239, 1243 (C.D. Cal. 2007). Limiting § 406(b) awards to cases in which the district court itself awards past-due benefits would discourage counsel from requesting a remand where it is appropriate. See Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006).

The 25 percent statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee actually requested is reasonable. See Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. "In determining the reasonableness of fees sought, the district court must respect 'the primacy of lawful attorney-client fee arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" Crawford v. Astrue, 586 F.3d 1142, 1149 (9th Cir. 2009) (quoting Gisbrecht, 535 U.S. at 793 and 808).

The Supreme Court has identified five factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court. See Crawford, 586 F.3d at 1151-52 (citing Gisbrecht, 535 U.S. at 808). Those factors are: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. See id.

Finally, an award of fees under § 406(b) is offset by any prior award of attorney's fees granted under the Equal Access to Justice Act. See Gisbrecht, 535 U.S. at 796.

The amount requested by counsel in the current motion reflects 25% of a total award counsel calculates as $108,094.80. Counsel has not, however, provide the Court with documentation establishing that this amount constitutes the actual award of past-due benefits. Further, there is no indication in the documents provided by counsel that any amount was withheld for payment of attorney's fees. To the contrary, it appears the Commissioner specifically declined to approve the fee agreement. See ECF No. 25-3, pg. 11. Counsel was instructed to file a Petition to Obtain Approval of a Fee for Representing a Claimant before the Social Security Administration, Form SSA-1560. See id. at 12. There is no indication counsel has obtained approval of the fee agreement.

/ / /

3

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's counsel's motion, ECF No. 25, for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) is denied without prejudice.

Dated:  September 1, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE