**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT ALLEN GORDON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No. 2:18-CV-1781-DMC<br><br><br>ORDER |

　　　　Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Final judgement was entered on June 11, 2019. See ECF No. 22. Pending before the Court is Plaintiff's counsel's renewed motion for an award of attorney's fees under 42 U.S.C. § 406(b), now in the amount of $25,809.00. See ECF No. 28. Plaintiff was provided notice of counsel's motion and has not filed any response thereto.

/ / /

/ / /

/ / /

/ / /

/ / /

# I.  PROCEDURAL HISTORY

Plaintiff initiated this action for judicial review of an unfavorable administrative decision on June 20, 2018.  See ECF No. 1.  Following briefing on the merits, the matter was remanded on June 11, 2019, for further administrative proceedings.  See ECF No. 21.  Pursuant to the stipulation of the parties, Plaintiff was previously awarded $4,400.00 in attorney's fees and costs under the Equal Access to Justice Act (EAJA), payable to Plaintiff less any offsets to be determined by the government.  See ECF No. 24.  Following remand, the agency awarded past-due benefits.  Counsel now renews a previously denied motion for fees.

### A.     Prior Fees Motion

Plaintiff's counsel previously sought an award of fees under § 406(b).  See ECF No. 25.  In the prior motion, counsel sought fees in the amount of $27,023.00.  Id. at 1.  According to documentation attached to counsel's prior motion, Plaintiff's representation in this case was provided by way of a June 8, 2018, contingent fee agreement whereby Plaintiff agreed to pay counsel 25% of past-due benefits awarded after a district court remand.  See ECF No. 25-2.  In her declaration, however, counsel stated the agreement is dated September 8, 2020.  See ECF No. 25, pg. 23.  Counsel also stated Plaintiff was awarded a total of $108,094.80 in past-due benefits.  See id.  Based on this total award figure, counsel calculated 25% as $27,023.70, the amount sought in the prior motion.  See id.

The Court denied the prior motion, stating:

> The amount requested by counsel in the current motion reflects 25% of a total award counsel calculates as $108,094.80.  Counsel has not, however, provide the Court with documentation establishing that this amount constitutes the actual award of past-due benefits.  Further, there is no indication in the documents provided by counsel that any amount was withheld for payment of attorney's fees.  To the contrary, it appears the Commissioner specifically declined to approve the fee agreement.  See ECF No. 25-3, pg. 11.  Counsel was instructed to file a Petition to Obtain Approval of a Fee for Representing a Claimant before the Social Security Administration, Form SSA-1560.  See id. at 12.  There is no indication counsel has obtained approval of the fee agreement.

ECF No. 27, pg. 3.

/ / /

/ / /

**B.** **<u>Renewed Fees Motion</u>**

In the current motion, Plaintiff's counsel states that representation commenced pursuant to an agreement dated December 13, 2019. <u>See</u> ECF No. 28, pg. 23. This contradicts the date counsel stated in her prior declaration – September 8, 2020 – as well as the date reflected in the evidence submitted in support of the prior motion – June 8, 2018. Attached to the current motion is the same June 8, 2018, representation agreement counsel attached to the prior motion. <u>See</u> ECF No. 28-1. The court is satisfied that this document represents Plaintiff's fee agreement with counsel in this case.

According to documents attached to the current motion, the agency issued a favorable decision on August 21, 2020. <u>See</u> ECF No. 28-2. These documents also reflect that the agency sent Plaintiff a notice on September 1, 2020, outlining his past-due benefits payments. <u>See</u> ECF No. 28-3, pgs. 1-6. Counsel also provides with the current motion a September 22, 2020, second notice the agency sent to Plaintiff concerning amounts withheld from his award of past-due benefits to pay counsel. <u>See id.</u> at 8-10. The second notice indicates that Plaintiff was awarded past-due benefits in the amount of $103,238.60, not $108,094.80 as counsel previously stated. <u>See id.</u> at 8. The second notice also indicates that $25,809.65 was withheld to pay counsel, representing 25% of past-due benefits awarded. <u>See id.</u> Given this evidence, which was not provided with the prior motion, it appears whatever obstacles counsel had encountered regarding the fee agreement were resolved. While the Court remains unclear as to how counsel calculated past-due benefits to be 108,094.80, the Court is nonetheless satisfied with the accuracy of the amounts awarded and withheld as reflected in the September 22, 2020, second notice.

As to EAJA fees and costs previously awarded, Plaintiff's counsel now states, without citation to the docket, that she has been awarded $5,750.00 under the EAJA. <u>See</u> ECF No. 28, pgs. 1, 21. Counsel repeats this amount in the proposed order submitted with her current motion. <u>See</u> ECF No. 18-13. The record, however, reflects that the Court awarded EAJA fees pursuant to the parties' stipulation in the amount of $4,400.00. <u>See</u> ECF No. 24.

/ / /

/ / /

3

## II.  DISCUSSION

Under the Social Security Act, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment. . . ."  42 U.S.C. § 406(b)(1)(A).  No other fee may be payable or certified for such representation except as allowed in this provision.  See id.

A remand constitutes a "favorable judgment" under § 406(b).  See Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993).  While the Ninth Circuit has not directly addressed the issue, all other circuits to address the issue have concluded that the district court is authorized to award fees under § 406(b) when it remands for further proceedings and, following remand, the claimant is awarded past-due benefits.  See Garcia v. Astrue, 500 F. Supp. 2d 1239, 1243 (C.D. Cal. 2007).  Limiting § 406(b) awards to cases in which the district court itself awards past-due benefits would discourage counsel from requesting a remand where it is appropriate.  See Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006).

The 25 percent statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee actually requested is reasonable.  See Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002).  "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Id. at 807.  "In determining the reasonableness of fees sought, the district court must respect 'the primacy of lawful attorney-client fee arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'"  Crawford v. Astrue, 586 F.3d 1142, 1149 (9th Cir. 2009) (quoting Gisbrecht, 535 U.S. at 793 and 808).

The Supreme Court has identified five factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court.  See Crawford, 586 F.3d at 1151-52 (citing Gisbrecht, 535 U.S. at 808).  Those factors are: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the

accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases.  See id.

Finally, an award of fees under § 406(b) is offset by any prior award of attorney's fees granted under the Equal Access to Justice Act.  See Gisbrecht, 535 U.S. at 796.

The Commissioner has not filed a response to Plaintiff's counsel's renewed motion.  In this case, having considered the factors above, and notwithstanding the somewhat confused presentation of her fee motions, the Court finds Plaintiff's counsel's request reasonable given the fee agreement with Plaintiff, the results achieved, and the lack of any evidence of dilatory conduct designed to increase past-due benefits.  In making this finding, the Court notes that counsel has previously been awarded $4,400.00 under the EAJA, which Plaintiff's counsel will be ordered to offset any award requested in the current motion.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's counsel's renewed motion, ECF No. 28, is granted and counsel is awarded fees pursuant to 42 U.S.C. § 406(b) in the amount of $25,809.00, paid to counsel by the Commissioner of Social Security out of past-due benefits awarded to Plaintiff and withheld to pay counsel, to the extent such benefits have not already been paid to Plaintiff; and

2.  Counsel shall reimburse to Plaintiff $4,400.00 previously paid to counsel under the EAJA.

Dated:  December 10, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE